# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.R.**

**No. 17-0930** (Raleigh County 16-JA-146)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.R., by counsel Steven K. Mancini, appeals the Circuit Court of Raleigh County's September 13, 2017, order terminating her parental rights to R.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew B. Fragile, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she abandoned her child, in not requiring the amended petition to be verified, and in denying her a preliminary hearing on the amended petition.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed a petition alleging that after petitioner gave birth to R.R., the child tested positive for opiates. Petitioner was incarcerated at the time of birth due to a probation violation, so she agreed to give legal and physical custody of R.R. to the DHHR. The father also was not in a position to take custody of the child. Before the preliminary hearing, petitioner was released from incarceration and moved into an inpatient substance abuse treatment facility. Petitioner waived her right to a preliminary hearing, orally stipulated to neglect caused by substance abuse and orally moved for an improvement period. The circuit court deferred ruling on petitioner's motion for an improvement period until both the stipulation and motion

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not allege an assignment of error concerning the circuit court's termination of her parental rights.

could be submitted in writing.[3] Petitioner continued in the substance abuse treatment facility as a term of her probation.

Before the adjudicatory hearing, petitioner left the treatment facility against medical advice and a warrant was issued for her arrest.[4] The DHHR filed an amended petition alleging that petitioner did not contact the DHHR after leaving the facility to inquire about her daughter and that petitioner abandoned R.R. Later, the circuit court held a hearing regarding the amended petition. Petitioner did not appear but was represented by counsel.

In May of 2017, the circuit court held an adjudicatory hearing. Petitioner did not appear but was represented by counsel. The DHHR presented testimony that petitioner had not contacted the case worker or visitation provider since she left the treatment facility in November of 2016. Further, petitioner did not provide any financial support or have meaningful contact with the child. Ultimately, the circuit court adjudicated petitioner as having abandoned R.R. and set the case for a dispositional hearing.

In August of 2017, the circuit court held a dispositional hearing. Again, petitioner did not appear but was represented by counsel. The case workers testified that there was no change in the case; petitioner had not contacted the DHHR about her daughter nor had she provided support for her daughter. Ultimately, the circuit court found petitioner's "continued abandonment was clearly and convincingly established by unrefuted evidence" and, given the findings of abandonment, the DHHR was not required to make reasonable efforts to preserve the family. The circuit court terminated petitioner's parental rights to R.R in its September 13, 2017.[5] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]It does not appear from the record that either the stipulation or the motion for improvement period were ever submitted in writing.

[4]According to petitioner's brief, she was arrested and returned to the area in October of 2017.

[5]The father's parental rights were also terminated below. R.R. is currently placed in a foster home and the permanency plan is adoption in that home.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

Petitioner first argues that the circuit court erred in finding she abandoned her child because she did not have legal or actual custody of the child and, therefore, could not abandon her. Specifically, petitioner argues that she voluntarily gave custody of R.R. to the DHHR because she was incarcerated and when she transferred custody she was no longer "obligated by any 'duties' to R.R." Petitioner relies on *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978), which holds that a parent cannot abuse or neglect a child when they do not have actual custody of that child. Petitioner argues that *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996), which overrules that holding in *McCartney*, should be modified. We disagree.

We have previously held that

[w]hen the Department of Health and Human Services finds a situation in which apparently one parent has abused or neglected the children and the other has abandoned the children, both allegations should be included in the abuse and neglect petition filed under W. Va. Code 49–6–1(a) (1992). Every effort should be made to comply with the notice requirements for both parents. To the extent that *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978), holds that a non-custodial parent can be found not to have abused and neglected his or her child it is expressly overruled.

*In re Katie S.*, 198 W. Va. at 81, 479 S.E.2d at 591.

Although petitioner cites *Katie S.* in her brief, she ignores the relevant authority contained therein. *Katie S.* clearly holds that non-custodial parents are expected to show interest in the child's welfare and provide financial and emotional support for the child; a failure to do so is strong evidence of abandonment and may be alleged in an abuse and neglect petition. *Id.*, 161 W.Va. at 85-86, 248 S.E.2d at 595-96. We decline petitioner's invitation to reevaluate that holding. Petitioner's willful transfer of custody to the DHHR did not free her from showing interest in her child's well-being or providing support for the child. Although petitioner correctly argues she was not obligated to participate in treatment as part of the abuse and neglect case, she knew that her failure to complete substance abuse treatment would be a violation of her probation and would ultimately result in her incarceration. Because petitioner did not consider the child's welfare or show any interest in parenting, we find that the circuit court did not err in finding that petitioner abandoned her child.

Second, petitioner argues that the circuit court erred in finding clear and convincing evidence that she abandoned R.R. Specifically, petitioner asserts that an abuse and neglect petition must be based on facts existing at the time of its filing and that the evidence that she left

3

the treatment facility and went missing for two months was insufficient proof of abandonment. We disagree.

West Virginia Code § 49-1-201 provides that abandonment means "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]"[6] After a parent leaves the child with a third-party care giver for a limited time, abandonment begins when the limited time "exceeded what was contemplated" and the parent allows the "thread of potential contact between [the parent] and the child's actual care giver to break." *In re Destiny Asia H.*, 211 W.Va. 481, 484, 566 S.E.2d 618, 621 (2002).

It is clear that petitioner demonstrated a settled purpose to forego her duties and parental responsibilities to R.R. Petitioner voluntarily gave temporary custody to the DHHR while she was incarcerated. The DHHR's custody was extended pursuant to the abuse and neglect proceedings. Rather than completing treatment and abiding by the terms of her probation, petitioner left treatment and created a situation where the DHHR could not return custody to her. Further, petitioner never contacted the DHHR to show an interest in R.R.'s welfare or provide any support. Although petitioner argues that she was missing for only two months at the filing of the petition, petitioner's lack of participation in the proceedings served to strengthen the evidence that petitioner had truly abandoned R.R. Petitioner further asserts that if she had been arrested after leaving treatment, then the abandonment allegation still would not have been actionable because the sole basis would be incarceration; however this assertion is also incorrect. "[T]his Court has never held that incarceration cannot be the sole basis for terminating parental rights." *Cecil T.*, 228 W.Va. at 97, 717 S.E.2d at 881. Accordingly, we find no error in adjudication.

Third, petitioner argues that the circuit court erred by allowing the amended petition to be filed without verification, as required by West Virginia Code § 49-4-601(b). We disagree. West Virginia Code § 49-4-601(b) requires the petition be "verified under oath of some credible person having knowledge of the facts." However, we have held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Here, the circuit court did not accept the amended petition as confessed. Instead, the DHHR called witnesses to testify and be cross-examined under oath to the facts alleged in the petition. No evidence was offered to

---

[6]Although petitioner applies the definition of abandonment from West Virginia Code § 48-22-102 and § 48-22-306, we decline to apply those definitions as alternatives to the definition provided in § 49-1-201, which has more relevance to abuse and neglect actions.

contradict any of the allegations in the amended petition. Further, the original abuse and neglect petition filed against petitioner was verified. Based on petitioner's opportunity to challenge the allegation of abandonment, we find that the process was not substantially disregarded or frustrated such that vacation is warranted.

Finally, petitioner argues that the circuit court erred in not holding a preliminary hearing on the amended petition. Rule 19(d) of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[i]f the petition is amended after the conclusion of a preliminary hearing in which custody has been temporarily transferred to the Department or a reasonable person, it shall be unnecessary to conduct another preliminary hearing." The circuit court did grant temporary custody to the DHHR after petitioner waived her right to a preliminary hearing in October of 2016, and, therefore, the circuit court did not err by declining to hold an extended preliminary hearing on the amended petition.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker